Petition for Warrant or Summons for
Offender Under Supervision

Page 1

PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 59 ]

Name of Offender: Michael Reynolds                     Case Number: 3:09-00293

Name of Judicial Officer: Honorable William J. Haynes Jr., Chief U.S. District Judge

Date of Original Sentence: March 31, 2011

Original Offense: False Claims to Internal Revenue Service, Counts One and Two

Original Sentence: 18 months' custody, 36 months' supervised release on each count, concurrently

Type of Supervision: Supervised Release           Date Supervision Commenced: July 6, 2012

Assistant U.S. Attorney: Sandra Moses              Defense Attorney: Jude Lenahan

## PETITIONING THE COURT

____ To issue a Summons.              __X__ To Consider Additional Violations / Information

__X__ To issue a Warrant.

**THE COURT ORDERS:**
- ☒ No Action
- ☒ The Issuance of a Warrant:
  - ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
- ☐ The Issuance of a Summons.
- ☒ The Addition of Alleged Violations / Information
- ☐ Other

Considered this _30th_ day of _January_, 2014 and made a part of the records in the above case.

_____
Chief U.S. District Judge
William J. Haynes, Jr.

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
U.S. Probation Officer
Lisa L. House

Place   Nashville, TN

Date    January 27, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. __59__, has been amended as follows:

> Violation Nos. 1 and 3 have been updated. Violation Nos. 5, 6, 7, 8, and 9 have been added to the petition.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall not commit another federal, state, or local crime.**

Michael Reynolds was arrested in Williamson County, Tennessee, on July 26, 2013, for Criminal Impersonation. He was released on a $1,500 bond and scheduled to appear in court on August 15, 2013. On January 16, 2014, the Williamson County Grand Jury issued a capias. The capais remains unserved.

According to the affidavit of complaint, on July 26, 2013, Franklin police were dispatched to the Williamson Medical Center, 4321 Carothers Parkway, for a person using a false identity at the emergency room to receive medical services. The police officer made contact with the male, first using the name, Christopher Shane Jones, date of birth, June 19, 1970, and social security number 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. The investigation determined the male to be Michael J. Reynolds. Mr. Reynolds' date of birth is March 5, 1968, and his social security number is 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. Mr. Reynolds used information with the intent to defraud another person.

2.   **The defendant shall pay $7,025 restitution, and a $200 special assessment.**

Michael Reynolds has not submitted any payments toward restitution, and owes a balance of $175 toward the special assessment. Mr. Reynolds was ordered to pay restitution at the minimum monthly rate of 10 percent of his gross monthly income.

3.   **The defendant shall not commit another federal, state or local crime.**

Michael Reynolds was arrested in Davidson County, Tennessee, on October 31, 2013, for Driving on a Suspended License, Second Offense. Mr. Reynolds failed to appear in court on January 15, 2014.

4. **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

   Mr. Reynolds failed to report his arrest on October 31, 2013, to the probation officer as required.

5. **The defendant shall not commit another federal, state or local crime.**

   Michael Reynolds was arrested on December 22, 2013, in Hendersonville, Tennessee, for Theft of Property Under $500. This case is set in Sumner County General Sessions Court on February 10, 2014.

   According to the affidavit of complaint, the police responded to Walmart regarding a shoplifting complaint. Upon arrival, the officer spoke with Kim White, with Walmart loss prevention. Ms. White stated that Michael Reynolds and James Pickle entered the store together and removed paint from the shelf. Mr. Reynolds remained in the store while Mr. Pickle attempted to return the items. Mr. Pickle was issued a Walmart gift card in the amount of $273.06. Both individuals were stopped by loss prevention as they attempted to exit the store. While inside the loss prevention office, Mr. Reynolds was overheard asking how loss prevention knew that he and Mr. Pickle were shoplifting. Mr. Reynolds asked if someone had called and advised loss prevention that they were removing the items. Mr. Reynolds and Mr. Pickle were cited by the police and given a court date of February 10, 2014. Kim White advised Mr. Reynolds and Pickle that they were not to return to any Walmart property and if they did, they would be trespassing. Both parties agreed not to return to any Walmart property, and they were released.

6. **The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**

   Mr. Reynolds failed to report his arrest on December 22, 2013, to the probation officer as required.

7. **The defendant shall submit at truthful and complete written report within the first five days of each month.**

   Mr. Reynolds has not submitted a written monthly report since August 12, 2013.

8. **The defendant shall submit to drug testing at the request of the probation officer.**

   Mr. Reynolds failed to submit urine screens as directed on September 18, 2013, November 22, 2013, and December 16, 2013.

9. **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.**

A home contact on January 16, 2014, revealed that Mr. Reynolds' last known residence is vacant. His current whereabouts are unknown.

## Compliance with Supervision Conditions and Prior Interventions:

Prior to his release, on June 15, 2012, Mr. Reynolds' conditions of supervision were modified to allow a 12-month placement at Oxford House, a transitional living facility. Michael Reynolds commenced the three-year term of supervision on July 6, 2012. Mr. Reynolds has elected to remain at Oxford House beyond the ordered 12-month period. Mr. Reynolds reported being employed by Red Rock Tile Works from July 2012 until October 2012, earning $8.25 per hour. He reported employment with River City Erectors, earning $10 per hour from December 2012 to January 2013, when he was laid off. He reported employment with G and P Boat Sales starting at the end of July 2013 until the present, earning $10 an hour. He also reported employment with Red Rock Tile Works at the beginning of August 2013 until the present, earning $9 an hour. Verification of employment has been requested but not received. Mr. Reynolds has not submitted any payments toward restitution and owes a remaining balance of $175 toward the special assessment. He has been instructed to submit monthly payments of 10 percent of his gross monthly income toward his financial obligations.

On August 30, 2013, the original "Petition for Warrant for Offender Under Supervision" was filed with the Court charging two violations. A " Superseding Petition for Warrant for Offender Under Supervision" was filed with Court charging four violations. This " Second Superseding Petition for Warrant for Offender Under Supervision" includes additional violations/information in Numbers One, Two, Three, Five, Six, Seven, and Eight.

Mr. Reynolds appeared in Court pursuant to the summons issued on August 29, 2013. He was released pending the revocation hearing on the same conditions previously imposed on his date of sentencing. The Court granted a motion filed by the defendant's attorney on September 23, 2013, to continue the revocation hearing. No future date has been set for the hearing.

Subsequent to his release on September 16, 2013, Mr. Reynolds was arrested as noted above. He failed to report his arrest as required to the undersigned officer. Mr. Reynolds has not submitted a written monthly supervision report since August 12, 2013. He failed to submit to random urine screens on September 18, 2013, November 22, 2013, and December 16, 2013. A home contact on January 16, 2014, revealed that his last known residence was vacant. Mr. Reynolds failed to contact the probation office with a new address, and his current whereabouts are unknown. On January 24, 2014, the probation officer was advised by Red Rock Tileworks that Mr. Reynolds no longer works there. The probation officer has been unable to locate a directory listing for G and P Boat Sales.

**Update of Offender Characteristics:** There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that a warrant be issued for Michael Reynolds, so that he may appear before the Court to answer to the violation behavior outlined above, and that the additional violation/information be considered at the revocation hearing.

This matter has been submitted to Assistant U.S. Attorney, Sandra Moses, who concurs with the recommendation.

Approved: _[signature] for_
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. MICHAEL REYNOLDS, CASE NO. 3:09-00293

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class D felony) 18 U.S.C. § 3583(e)(3) | 8-14 months | No Recommendation |
| SUPERVISED RELEASE: | 36 months | 36 months less any term of imprisonment 18 U.S.C. 3583(h) | No Recommendation |

**Guideline Policy Statements:** Upon a finding of a Grade C violation the Court may (A) revoke probation or supervised release; or (B) extend the term or probation or supervised release and/or modify the conditions of supervision. U.S.S.G.§ 7B1.3(a)(2).

Respectfully Submitted,

Lisa L. House
U.S. Probation Officer

Approved: Vidette Putman For R
Vidette Putman
Supervising U.S. Probation Officer